IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY LEE ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:20-cv-466-ECM-SMD |
| v. | ) |
| | ) |
| WALTON ENTERPRISES, | ) |
| | ) |
| Defendant. | ) |

# ORDER & 
# RECOMMENDATION OF THE MAGISTRATE JUDGE

Currently before the Court is a Complaint (Doc. 1) filed by Plaintiff Jimmy Lee Roberts. The Complaint is, for the most part, unintelligible, but it appears that Plaintiff is attempting to assert some type of claim based upon the frivolous legal theory of sovereign citizenship. *See generally* (Doc. 1).

Plaintiff filed a Motion for Leave to Proceed *in forma Pauperis* (Doc. 2) and a long-form financial affidavit, filed under penalty of perjury (Doc. 9), contemporaneously with the Complaint. After careful review of Plaintiff's Motion and supporting documentation, the undersigned concludes that the Motion (Doc. 2) is GRANTED. The Clerk of the Court is DIRECTED to stay service of the case pending the court's obligatory review of the complaint pursuant to 28 U.S.C. § 1915(e).

Therefore, Plaintiff's Complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying

§ 1915(e) in non-prisoner action). That statute instructs the Court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

A review of the sufficiency of the Complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the Complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face.").

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), the Complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim

for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are '"'merely consistent with' a defendant's liability,' however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, the Complaint before the Court, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

Here, it appears that Plaintiff is attempting to state a claim based upon his inability to maintain sovereign states in Alabama. *See generally* (Doc. 1) at 1 (noting that Plaintiff states that he "is to be a state for Walton Enterprises sovereign state" and that he "is to lawfully maintain sovereign states in Alabama"). Plaintiff alleges that "Nice Ruth Walton is making allegations to only allow blacks to maintain sovereign states" and therefore

Plaintiff requests to "be moved elsewhere to maintain the due amount." *Id*. at 3, 4. Plaintiff further asserts:

> I am not able to get the money I feel I am owed to maintain sovereign states. It is my duty to be liable to earn what I am due. It is my trust to account to less demand to earn money. I am to be liable to get money fast. I am to be owed $411,000,000.00.[1] It is my awake to decide where I best use the money I am owed.

(Doc. 1) at 3.

Plaintiff's Complaint is due to be dismissed because, even after a liberal construction of Plaintiff's pleading, the undersigned cannot construe any type of viable claim within the "facts" asserted. Plaintiff's attempt to assert some sort of claim to "maintain sovereign states elsewhere" and to obtain the money he feels he is owed in order to do so is simply an outlandish legal theory advanced by a sovereign citizen. Courts have consistently rejected theories such as this as frivolous. *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (recognizing that courts routinely reject sovereign citizen legal theories as "frivolous"); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (discussing sovereign citizen arguments as having no validity in country's legal system and recommending that they be "rejected summarily, however they are presented"); *Lawrence v. Holt*, 2019 WL 1999783, at *2 (N.D. Ala. Apr. 12, 2019), *report and recommendation adopted*, 2019 WL 1989607 n.1 (N.D. Ala. May 6, 2019) (noting the Eleventh Circuit has repeatedly rejected sovereign citizen legal theories as frivolous);

---

[1] The undersigned is unable to definitively discern Plaintiff's handwriting as to the amount of money he claims he is owed. It appears to the undersigned that the requested amount is $411,000,000.00. However, it is of no consequence if the undersigned is incorrect in this interpretation.

4

*Roach v. Arrisi*, 2016 WL 8943290, at *2 (M.D. Fla. 2016) (recognizing that sovereign citizen theories have been consistently rejected by courts and describing them as "utterly frivolous," "patently ludicrous," and a waste of the court's time "being paid for by hard-earned tax dollars") (citation omitted). Therefore, the undersigned concludes that Plaintiff's Complaint is frivolous and, alternatively, that it fails to state any claim upon which relief could be granted. Accordingly, it is the

RECOMMENDATION of the undersigned that Plaintiff's Complaint be dismissed pursuant to 42 U.S.C. §§ 1915(e)(2)(B)(i) and (ii). [2] Further, it is

ORDERED that Plaintiff shall file any objections to this Recommendation on or before September 9, 2020. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Plaintiff from a de novo determination by the District Court

---

[2] The undersigned is recommending dismissal of Plaintiff's Complaint without first affording Plaintiff the opportunity to amend because the undersigned believes that requesting such amendment would be futile. Plaintiff is clearly attempting to advance a claim based upon a sovereign citizen theory that has no basis in law. Such a claim is frivolous and incapable of being crafted into a viable claim. Accordingly, the undersigned finds that leave to amend the Complaint is futile and should not be afforded in this instance. *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of the Complaint he filed.

of legal and factual issues covered in the Recommendation and waives the right of Plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 26th day of August, 2020.

/s/ Stephen M. Doyle
CHIEF UNITED STATES MAGISTRATE JUDGE