IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY LEE ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-466-WKW |
| ) | [WO] |
| WALTON ENTERPRISE, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

On July 27, 2021, the Honorable Emily C. Marks, Chief United States District Judge, directed the Clerk of the Court to inform the parties that "it ha[d] been brought to her attention that while she presided over the case, in a managed account, she owned stock in Wal-Mart Stores, Inc." (Doc. # 34.) In accordance with Advisory Opinion No. 71, Volume 2B, Guide to Judiciary Policy, Ch. 2 § 220 (June 2009), Mr. Roberts was permitted to respond to Judge Marks's disclosure of the conflict by August 4, 2021. (Doc. # 34.)

On August 3, 2021, Plaintiff's *pro se* response was docketed. Liberally construed, Plaintiff's response requests the court to vacate Judge Marks's orders and to enter judgment in Plaintiff's favor. (Doc. # 35.) In light of Judge Marks's disclosure and Plaintiff's response, this case has been reassigned to the undersigned. While Judge Marks's orders and final judgment will be vacated to permit an

independent review of the record by the undersigned, Mr. Roberts is not entitled to judgment in his favor.

This case commenced on July 6, 2020, with the filing of *pro se* Plaintiff Jimmy Lee Roberts's complaint against Walton Enterprises, and concluded on September 29, 2020, with the entry of final judgment against Plaintiff. The case now is on appeal.

During the pendency of this lawsuit, Judge Marks entered multiple pre-judgment and post-judgment orders. On July 10, 2020, Judge Marks referred this action to the Magistrate Judge pursuant to 28 U.S.C. § 636. (Doc. # 6.) In a Recommendation entered on August 26, 2020, the Magistrate Judge screened Plaintiff's *pro se* complaint under 28 U.S.C. § 1915(e) and recommended that the court dismiss it as "frivolous and, alternatively," for failure to state a claim. (Doc. # 10, at 5.) On September 29, 2020, after the objections period expired, Judge Marks adopted the unchallenged Recommendation and dismissed this action prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i). (Doc. # 11.) Judge Marks entered final judgment the same day. (Doc. # 12.)

Plaintiff appealed, and, on October 19, 2020, Judge Marks certified that his appeal was "not taken in good faith" and denied his motion for leave to appeal *in forma pauperis*. (Doc. # 16 (citing 28 U.S.C. § 1915(a).) On January 6, 2021, Judge Marks denied Plaintiff's motions to reinstate his case. (Doc. # 23.)

Thereafter, the Eleventh Circuit remanded the case to this court "for the limited purpose of determining whether it had subject matter jurisdiction in the first instance." (Doc. # 26 at 1). Responding, Judge Marks ruled that "Plaintiff adequately invoked the Court's diversity jurisdiction, and thus, the Court had subject matter jurisdiction over this matter in the first instance." (Doc. # 32, at 2–3.) On the same date, Judge Marks also entered an Order denying Plaintiff's motion for a default judgment. (Doc. # 33 ("While this case has been pending on appeal, the Plaintiff filed a motion for default judgment . . . . Because this matter is currently pending before the appellate court, at this juncture, this Court has been divested of jurisdiction" and, accordingly, "the motion for default judgment (doc. 29) is DENIED").) The case remains on appeal.

Pursuant to Rule 62.1(a)(2) of the Federal Rules of Civil Procedure,[1] and in light of Judge Marks's disclosure and Plaintiff's July 30, 2021 response, Judge Marks's Orders (Doc. # 6, 11, 16, 23, 32, and 33) and the final judgment (Doc. # 12) are VACATED. The undersigned has conducted a thorough, *de novo* review of the record and finds no errors in those orders and the final judgment. Accordingly, it is ORDERED that orders (Doc. # 6, 11, 16, 23, 32, and 33) and final judgment (Doc. # 12) are ADOPTED and REINSTATED as his own.

---

[1] Rule 62.1(a)(2) provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . (2) deny the motion. . . ." Fed. R. Civ. P. 62.1(a)(2).

3

The Clerk of the Court is DIRECTED to provide a copy of this Order to the United States Court of Appeals for the Eleventh Circuit.

DONE this 5th day of August, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE