IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA NORTHERN DIVISION

In RE: Roberts v. Walton Enterprises, 2:20-cv-466-ECM-SMD

This Order Relates To:

Roberts v. Walton Enterprises Case No. 2:20-cv-466-WKW

Motion hearing to vacate Judge Marks Orders (Doc#6,11,16,23,32, and 33) and the final judgement (Doc#11,12)

Pursuant to 9 U.S. Code SS 12-13 and 28 U.S. Code SS 2242-2243 and 28 U.S.Code SS 2241 the plaintiff Jimmy Lee Roberts is respectfully requesting a motion hearing to vacate Judge Marks Orders (Doc#6,11,16,23,32 and 33) and the Final Judgment. Chief Judge Marks informed Debra P. Hackett, Clerk that while she presided over the case, in a managed account, she owned stock in Wal-Mart Stores, Inc. Her ownership of stock neither affected nor impacted her decision in this case. Moreover, she has since divested herself of only Wal-Mart stock. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges and thus Chief Judge Marks directed that she notify the parties of the conflict. Advisory Opinion 71, from the Judicial Conference Code of Conduct Committee, provides the following guidance for addressing disqualification <u>that is not discovered until a judge has participated in a case; [and although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument the Committee explained" [s]imilar considerations would apply when a judgment was entered in a district court by a judge it is later learned that the judge was disqualified.</u> On August 05, 2021 Judge William Keith Watkins entered a order vacating Judge Marks Orders (Doc# 6,11,16,23,32,and 33) and the final judgment(Doc#11,12) and adopting and resinstating the orders as his own. The plaintiff is wanting the judge to reinstate Chief Judge Marks vacate order. According to the order " The undersigned has conducted a thorough, de novo review of the record and finds no errors in those orders and the final judgment. The plaintiff Jimmy Lee Roberts pursuant to 9 U.S. Code SS 12-13 28

IJ.S.Code 2242-2243 and 28 U.S. Code SS 2241 is respectfully requesting to file a Motion For Relief From Judgment payment of judgment and Vacating the Judges Opinion and Order 11,12 Final Judgment.The plaintiff Jimmy Lee Roberts filed a complaint in the UNITED STATES DISTRICT COURT ALABAMA MIDDLE DISTRICT NORTHERN DIVISION claiming he is not going to be paid for what he considers a wage.For good cause, it is ORDERED that, pursuant to 28 U.S.0 SS 636, this case is REFERRED to the United States Magistrate Judge for all pretrial proceedings and entry of any order or recommendations as may be appropriate. DONE this 10th day of July, 2020. Along with his complaint the plaintiff filed a Motion to Proceed In Forma Pauperis (Doc.2) with a short form affidavit (Doc 2-1) The affidavit, which is filed under penalty or perjury indicates that plaintiff takes home $409 bi-weekly in week in wages and has received an unspecified amount of "other income in the form of rent payments, interests, or dividends in the last twelve months. (Doc 2-1) On August 26, 2020, the Magistrate Judge entered a Recommendation(doc.10) to which no timely objections have been filed. After an independent review of the file and upon consideration of the Recommendation, it is Ordered that the Case 2:20-cv-00466-WKW-SMD Document 38 Filed 08/10/21 Page 1 of 7 Recommendation of the Magistrate Judge is ADOPTED, and this case is DISMISSED prior to service under 28 U.S.C. SS 1915(e)(2)(B)(1) and (ii). A separate Final Judgment will be entered. Pursuant to 9 U.S. Code SS 12-13, 28 U.S. Code SS 2242-2243 and 28 U.S.Code SS 2241 the plaintiff is respectfully requesting for relief from judgment payment for judgment and vacating the Judges Opinion and Order 11,12 Final Judgment(Doc# 11,12). On April 13, 2021 the plaintiff Jimmy Lee Roberts case was remanded to the district court for the limited purpose of determining whether it had subject matter jurisdiction in the first instance. See,e,g., Fitzgerald v. Seaboard Sys. R.R. 760 F. 2d 1249,1251(11th Cir. 1985). Pursuant to 9 U.S. Code SS 12-13 28 U.S.0 SS 2242-2243 and 28 U.S.Code SS 2241 the plaintiff Jimmy Lee Roberts is respectfully requesting to File a Motion For Relief From Judgment Payment for judgment and Vacating The judges Opinion and Order 11,12 Final Judgment. The plaintiff is wanting to cite Rule 103 Ruling of Evidence Rule 4.1 and Rule52. e plaintiff Jimmy Lee Roberts is requesting clarification for the word REMANDED in its' context. Green is to mean go and red means to stop. The plaintiff is told the word REMAND means to reverse the opinion of the lower courts by his case worker. In more of the limited of the two types of limited remand the appellate court seeks a ruling or advice from the trial court and pending its receipt of the ruling or advice returns jurisdiction of the appeal. E.g, United States v. Taylor, 509 F. 3d 839, 845-46 (7th Cir. 2007);

United States v. Paladino, supra, 401 F. 3d oif-483-84. In a type of limited remand the appellate court returns the case to the trial court but with instructions to determine a specific issue or issues and do nothing else. See United States v. Pollard, 56 F. 3d 776, 778 (7th Cir. 1995), and cases cited there. Finally, in a general remand the appellate court returns the case to the trial court for further proceedings consistent with the appellate court's decision, but consistency with what decision is only limitation imposed by appellate court The general remand was limited in form of remand. Pursuant to 9 U.S. Code SS 2517. The plaintiff is asking the judge to vacate the judgment for (Doc#29,33).The plaintiff believes his case is to be appealed at the First Circuit Court of Appeals. The plaintiff also now knows his case maybe appealed in Montgomery, Alabama. Appeals from final orders pursuant to 28 U.S.C.SS 1291: Final orders and judgments of district courts, or, final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C SS 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983)(citing Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 632,633,89 L.Ed. 911(1945)). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. SS 636(b); Perez-Priego v. Alachua County Clerk of Court, 148 F.3d 1272 (11th Cir. 1998). However, under 28 U.S.C SS 636(c)(3), the Court of Appeals have jurisdiction over an appeal from a final judgment entered by a magistrate judge, but only if the parties consented to the magistrate's jurisdiction. McNab v. J&J Marine, Inc.,240 F.3d 1326, 13. Pursuant to 28 U.S.C SS 1291 the plaintiff is respectfully requesting the judge to Remand his appeal.

Rule 63 of the Rules of Civil Procedure allows a second judge to "perform the duties, including entry of judgment" of another judge "before whom an action has been tried or a hearing has been held." This applies for all reasons a judge might become unavailable: death, sickness or other disability, resignation, retirement, expiration of term, removal from office, or other reason." But this Rule does not mean that a second judge will be able to complete all the work. Despite the broad language complete all the work. Despite the broad language of the Rule, our courts have made it clear that the substitute judge's task is ministerial rather than judicial." Matter of Whisnant, 71 N.C. App. 439,441 (1984)

In broader terms what this means is that Judge B will not be able to do the judicial decision making for Judge A. In Whisnant, Judge Tate presided over a termination

of parental rights hearing. At the close of the hearing he announced his intended order with the appropriate findings...[r]eflcting the broad findings that I announced." A couple of months later, however, Judge Crotty-not Judge Tate-signed the relevant order, which included detailed findings of facts and conclusions of law. The Court of Appeals reversed, citing Rule 52 of the Rules of Civil Procedure, which require a court in a non-jury trial to make written findings of fact and conclusions of law. Because these findings and conclusions reflect the role of that judge as "both judge and jury," they cannot be performed by a judge who did not hear the matter. The court was careful also to point out that Rule 63 does not change the result. Quoting a earlier case, the court stated that

Rule 63 does not contemplate that a substitute judge, who did not hear the witnessess and participate in the trial, may nevertheless participate in the trial, may never the less participate in the decision making process. It contemplates only ...[performing] such acts as are necessary under our rules to effectuate a decision already made. Under our rules, where a case is tried before a court without a jury, findings of fact and conclusion of law sufficient to support a judgment are esssential parts of the decision making process." Id. At 441-42(quoting Girard Trust Bank v. Easton, 12 N.C. App. 153, 155 (1971)

Rule 62.1 Indicative Ruling on a Motion for Relief That is Barred by a Pending Apppeal (a) RELIEF PENDING APPEAL. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending the court may;

3) state either it would grant that motion If the court of appeals remand for that purpose

C) REMAND. The district court may decide the motion if the court of appeals remands for that purpose

## Conclusion

The plaintiff Jimmy Lee Roberts would like to have his motion to vacate his judgement granted by Judge Keith Watkins this ___18___ of __August__ 2021.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
Northern DIVISION

## CERTIFICATE OF SERVICE

I, Jimmy Lee Roberts, do hereby Certify that a true and correct copy of the foregoing has been furnished by U.S. Mail (manner of service, i.e., U.S. Mail, electronic mail, etc.) on this 18 day of August 2021, to:

Walton Enterprises

110 NW 2nd Strret

Bentonville, Arkansas 72712

August 17, 2021
Date

Signature

Dear Judge Keith Watkins,

RECEIVED
2021 AUG 23 P 12: 54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

In RE: Roberts v. Walton Enterprises Case No.2:20-cv-466-ECM-SMD

I would like to have my motion granted when I have my motion hearing to vacate a order. The former magistrate judge on the case is disqualified. She owned stock at Wal-Mart. I also want my REMAND for my appeal. This case was sent back to the UNITED STATES DISTRICT COURT ALABAMA MIDDLE DISTRICT NORTHERN DIVISION. I know my case is a REMAND because green is to mean go and red means to stop in its' context at the Eleventh Circuit Court of Appeals. I can modify the amount I am asking for and I wanna speak to you about vacating other orders in my case.

Sincerely,

*Jimmy Lee Roberts*

Jimmy Lee Roberts

Jimmy Lee Roberts
106 Pearl Drive
Wetumpka, Alabama 36093



MONTGOMERY AL 360
19 AUG 2021 PM 3 L

U.S. District ALMD Northern Division
1 Church Street Suite B-110
Montgomery, Alabama 36104

