IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMY LEE ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-466-WKW |
| | ) | [WO] |
| WALTON ENTERPRISES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On September 9, 2021, the United States Court of Appeals for the Eleventh Circuit remanded this case to this court for a second time "to determine whether it had subject matter jurisdiction over this lawsuit by making a proper finding as to the citizenship of Roberts and Walton Enterprises." (Doc. # 41, at 2.) The Eleventh Circuit has directed this court to "make specific findings as to Plaintiff's state of citizenship or domicile, Walton Enterprises's state of incorporation, and Walton Enterprises's principal place of business." (Doc. # 41, at 2.)

The Complaint, which was filed originally in this court, predicated subject-matter jurisdiction on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a). "Diversity jurisdiction is determined at the time the complaint was filed." *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012). "Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove

that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007).

For jurisdiction to rest on § 1332(a), each party's citizenship must be alleged, and those allegations must show "that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citation omitted). Allegations that an individual party's residential address is in a specified state does not establish that a natural person is a "citizen" of that state. *See id.* at 1269. "Residence alone is not enough." *Id.* (citations omitted). "Citizenship is equivalent to domicile for purposes of diversity jurisdiction[,]" and "domicile requires both residence in a state and an intention to remain there indefinitely." *Id.* (citations and internal quotation marks omitted). Furthermore, a corporation is a citizen of (1) the "state by which it has been incorporated" and (2) the "state where it has its principal place of business." § 1332(c)(1).

The record here does not contain proper allegations or evidence establishing the citizenship of the parties. *See Travaglio*, 735 F.3d at 1269 ("'The whole record . . . may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship. . . .'" (quoting *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 382 (1904)). The Eleventh Circuit has directed this court to "mak[e] a proper finding as to the citizenship of Roberts and Walton Enterprises." (Doc. # 41, at 2 (alterations

added).)  Because Plaintiff bears the burden of proving subject matter jurisdiction, the court will give him an opportunity to submit evidence demonstrating his and Defendant's citizenship.  That evidence could include, for example, affidavits, sworn statements under penalty of perjury (*see* 28 U.S.C. § 1746), and documents (such as, for purposes of establishing Plaintiff's citizenship, his driver's license, a bank statement, a utility or other bill, a vehicle title registration, or a cell phone bill).

Accordingly, it is ORDERED that, on or before **October 20, 2021**, Plaintiff shall submit evidence establishing his state of citizenship or domicile, Walton Enterprises's state of incorporation, and Walton Enterprises's principal place of business.

DONE this 6th day of October, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE