IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY LEE ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:20-CV-466-WKW |
| | ) [WO] |
| WALTON ENTERPRISES, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This action is before the court on the United States Court of Appeals for the Eleventh Circuit's second remand for a determination of subject matter jurisdiction and specifically for "a proper finding as to the citizenship of" Plaintiff and Defendant. (Doc. # 41, at 2.) Against the backdrop of the defective allegations of citizenship in the Complaint and the Eleventh Circuit's directives, this court previously entered an Order permitting Plaintiff until October 20, 2021, to submit evidence establishing his and Defendant's citizenship. (Doc. # 42.) The Order explained that the evidence could include, for example, affidavits, statements made under penalty of perjury (*see* 28 U.S.C. § 1746), and documents (such as, for purposes of establishing Plaintiff's citizenship, his driver's license, a bank statement, a utility or other bill, a vehicle title registration, or a cell phone bill). (Doc. # 42.) Plaintiff's response to the court's Order is wholly inadequate to demonstrate the

parties' citizenship. It consists of a copy of the court's Order with Plaintiff's signature affixed on the last page of the Order. (Doc. # 43, at 4.) While Plaintiff submitted no evidence of the parties' citizenship by the court's deadline, the Order neglected to give Plaintiff an opportunity to move to amend the Complaint to cure the deficient allegations of citizenship.

In order to provide Plaintiff a final opportunity to cure the Complaint's deficient allegations of citizenship, Plaintiff will be permitted to file a motion to amend the Complaint to cure the defective allegations of citizenship. Plaintiff also will be granted additional time to submit sufficient evidence of the parties' citizenship so that the court can access whether it has subject matter jurisdiction. (*See* Doc. # 42.) To aid Plaintiff, here are the parameters of the law on citizenship that any proposed Amended Complaint and evidence must address.

For jurisdiction to rest on 28 U.S.C. § 1332(a), each party's citizenship must be alleged, and those allegations must show "that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citation omitted). Plaintiff is an individual, and Defendant is an entity. For a natural person, "[r]esidence alone is not enough" to establish citizenship. *Id.* at 1269 (citations omitted). Rather, "[c]itizenship is equivalent to domicile for purposes of diversity jurisdiction[,]" and "domicile requires both residence in a state and an intention to remain there indefinitely." *Id.* (citations and internal quotation

2

marks omitted). Plaintiff has not indicated what type of entity Walton Enterprises is. If it is a corporation, a corporation is a citizen of (1) the "state by which it has been incorporated" and (2) the "state where it has its principal place of business." § 1332(c)(1). If Defendant is an unincorporated entity or a limited liability company, it is a citizen of every state of which its members are citizens. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Accordingly, it is ORDERED as follows:

(1) Plaintiff is permitted until **November 8, 2021**, to file a motion to amend the Complaint to cure the Complaint's deficient allegations of jurisdiction. If Plaintiff elects to file a motion to amend the Complaint, he must attach the proposed Amended Complaint as an exhibit to the motion, and the proposed Amended Complaint must reproduce the entire pleading and may not incorporate the Complaint by reference.

(2) Plaintiff is permitted additional time, to and including **November 8, 2021**, to submit evidence to cure the Complaint's deficient allegations of jurisdiction.

DONE this 27th day of October, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE