IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY LEE ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CASE NO. 2:20-CV-466-WKW |
| | )  [WO] |
| WALTON ENTERPRISES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This action is before the court on the United States Court of Appeals for the Eleventh Circuit's second remand for a determination of subject matter jurisdiction. Plaintiff Jimmy Lee Roberts, proceeding *pro se*, sued Walton Enterprises, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332(a).  The district court dismissed this action on the merits (Docs. # 11, 12), and Plaintiff appealed (Doc. # 13).  The Eleventh Circuit remanded the action for this court's determination of whether "it had subject matter jurisdiction in the first instance."  (Doc. # 26, at 1.) The district court found that Plaintiff had "adequately invoked" diversity jurisdiction. (Doc. # 32.) The Eleventh Circuit disagreed and remanded for a second time for this court "to redetermine the citizenship of parties." (Doc. # 41, at 1.)  It has directed the court

> to determine whether it had subject matter jurisdiction over this lawsuit by making a proper finding as to the citizenship of Roberts and Walton Enterprises. The district court shall make specific findings as to Roberts's state of citizenship or domicile, Walton Enterprises's state of incorporation, and Walton Enterprises's principal place of business. If the district court determines that it did not have subject matter jurisdiction, it should vacate its order dismissing the lawsuit for failure to state a claim and dismiss the case for lack of subject matter jurisdiction. Should the court determine that it had jurisdiction, it should enter an order to that effect.

(Doc. # 41, at 2.) For the reasons to follow, the record does not demonstrate that Plaintiff and Defendant are of diverse citizenship, and, thus, subject matter jurisdiction is lacking.

## II. DISCUSSION

The Complaint, which was filed originally in this court, predicated subject matter jurisdiction on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a). "Diversity jurisdiction is determined at the time the complaint was filed." *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012). "Where, as here, the plaintiff asserts diversity jurisdiction, he has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007).

For jurisdiction to rest on § 1332(a), each party's citizenship must be alleged, and those allegations must show "that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citation omitted). Plaintiff is an individual, and Defendant is an entity. For a natural

2

person, "[r]esidence alone is not enough" to establish citizenship. *Id.* at 1269 (citations omitted). Rather, "[c]itizenship is equivalent to domicile for purposes of diversity jurisdiction[,]" and "domicile requires both residence in a state and an intention to remain there indefinitely." *Id.* (citations and internal quotation marks omitted). Plaintiff has not indicated what type of entity Walton Enterprises is. If it is a corporation, a corporation is a citizen of (1) the "state by which it has been incorporated" and (2) the "state where it has its principal place of business." § 1332(c)(1). If Defendant is a partnership, limited partnership, or limited liability company, it is a citizen of every state of which its partners or members are citizens. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Where the Complaint's allegations are insufficient to establish the citizenship of the parties, those defective allegations of citizenship can be cured by "evidence submitted during the course of the proceedings." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). In other words, "'[t]he whole record . . . may be looked to, for the purpose of curing a defective averment of citizenship, where jurisdiction in a Federal court is asserted to depend upon diversity of citizenship. . . .'" *Id.* (quoting *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 382 (1904)).

Here, the allegations in the Complaint as to the parties' citizenship are "fatally defective." *Id.* The Complaint lists an address for Plaintiff in Wetumpka, Alabama. (Doc. # 1, at 3.) But, as the Eleventh Circuit observed, "an allegation of residence is insufficient to establish diversity jurisdiction with respect to a natural person." (Doc. # 41, at 2 (citation omitted).) The Complaint lists an address for Walton Enterprises in Bentonville, Arkansas. (Doc. # 1, at 3.) But, as the Eleventh Circuit observed, this allegation pertaining to an address is insufficient to allege a corporation's citizenship. (Doc. # 41, at 2 (citation omitted).) It also is insufficient to allege the citizenship of a partnership, limited partnership, or limited liability company. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022.

Against the backdrop of these defective allegations and the Eleventh Circuit's directives on the second remand, this court entered an Order permitting Plaintiff until October 20, 2021, to submit evidence establishing his and Defendant's citizenship. The Order explained that the evidence could include, for example, affidavits, statements made under penalty of perjury (*see* 28 U.S.C. § 1746), and documents (such as, for purposes of establishing Plaintiff's citizenship, his driver's license, a bank statement, a utility or other bill, a vehicle title registration, or a cell phone bill). (Doc. # 42.) Plaintiff's response consisted of a copy of the court's Order with Plaintiff's signature affixed on the last page of the Order. (Doc. # 43, at 4.) Plaintiff's signature is not proof of his citizenship. After Plaintiff filed this

4

insufficient response (Doc. # 43), the court entered another Order (Doc. # 44), giving Plaintiff an additional opportunity to submit evidence to cure the Complaint's deficient allegations of jurisdiction. The Order also granted Plaintiff permission to file a motion to amend the Complaint to cure the deficient allegations of citizenship. Plaintiff did not file anything by the Order's deadline of November 8, 2021. Ten days after the deadline, Plaintiff filed a copy of his current driver's license listing a Wetumpka address. (Doc. # 45.)

While Plaintiff's current driver's license is some proof of his citizenship, the court need not decide whether it is enough. This is because Plaintiff's responses do not establish or even address Defendant's citizenship. Because the allegations of the Complaint do not establish the citizenship of Defendant and because there is no evidence to remedy the defective allegations, the court cannot determine whether complete diversity exists between Plaintiff and Defendant. Another way of saying this is that Plaintiff has not met his burden of establishing diversity of citizenship. *See King*, 505 F.3d at 1171.

Accordingly, pursuant to the Eleventh Circuit's directives, the court finds that Plaintiff has not demonstrated Walton Enterprises's state of incorporation or its principal place of business. Additionally, if Defendant is a partnership, limited partnership, or limited liability company, Plaintiff has not established the citizenship of each of Defendant's partners or members. Because the jurisdictional allegations

of citizenship are defective and because there is no curative evidence of citizenship, the court finds that it did not have subject matter jurisdiction over this action at its commencement.

### III. CONCLUSION

Because Plaintiff has failed to cure the Complaint's defective allegations of diversity of citizenship, the dismissal of this action on the merits must be vacated and this action instead must be dismissed for lack of subject matter jurisdiction.

Accordingly, it is ORDERED as follows:

(1) The Order dismissing this action for failure to state a claim (Doc. # 11) is VACATED;

(2) This action is DISMISSED for lack of subject matter jurisdiction; and

(3) The Clerk of the Court is DIRECTED to return this action, as supplemented, to the United States Court of Appeals for the Eleventh Circuit for further proceedings (*see* Doc. # 41, at 4).

DONE this 30th day of November, 2021.

                                /s/ W. Keith Watkins
                           UNITED STATES DISTRICT JUDGE